POWERS KIRN, LLC
By: Jill Manuel-Coughlin
ID# 63252
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant / 20-0460



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Tanya L. Cain<br>aka Tanya L. Chambers-Cain<br>Timothy D. Cain<br><br>Debtors | Chapter 13 Proceeding<br><br>17-16840 AMC |
| CITIMORTGAGE, INC. C/O CENLAR FSB<br>Movant<br>v.<br>Tanya L. Cain<br>aka Tanya L. Chambers-Cain<br>Timothy D. Cain<br>and<br>Scott F. Waterman, Esquire<br>Respondents | |

### STIPULATION IN SETTLEMENT OF
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

WHEREAS, the parties hereto and their respective counsel have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed behalf of the secured creditor, CITIMORTGAGE, INC. c/o CENLAR FSB ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 70 Houston Road, Lansdowne, PA 19050, mortgage account ending with 5675.

3. Upon approval of the United States Bankruptcy Court of the within Stipulation, Debtors and Movant agree to the following:

    (a) Parties acknowledge that the current regular post-petition payment is $995.89.

(b) Parties acknowledge that the following amounts are currently due post-petition:

|  | Quantity | From | To | Amount |  |
|---|---|---|---|---|---|
| Payments: | 4 | 07/01/2020 | 10/01/2020 | $995.89 | $3,983.56 |
| Payments: |  |  |  |  | $0.00 |
| Attorney Fees and Costs relating to Motion for Relief: | | | | | $0.00 |
| Less: Debtor Suspense: | | | | | $26.96 |
| **Total Post-Petition Arrearage:** | | | | | $3,956.60 |

(c) Commencing with the 11/01/2020 payment the Debtors shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note and Mortgage.

(d) Debtors agree to Amend the Chapter 13 Plan to include the aforementioned post-petition delinquency representing all arrearages due through 10/01/2020. Debtors agree to amend the Chapter 13 Plan within thirty (30) days of the filing of this Stipulation. The parties agree that Movant may file a **Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of Claim or an Amended/Supplemental Proof of Claim (linking to the original filed Proof of Claim)** for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

(e) If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(f) All post-petition payments from Debtors to Movant shall be sent to Cenlar FSB, ATTN: BK Department, 425 Phillips Blvd., Ewing NJ, 08618.

(g) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the contract and applicable law. Also, all allowed fees and costs due to Movant as stated on any Post-Petition Fee Notices filed with the court shall be paid prior to the entry of a Discharge Order.

(h) The Debtors shall timely tender all payments and comply with all conditions in

accordance with the Stipulation. If such payments or conditions are not timely made, or if the case should convert to a Chapter 7 Bankruptcy, Movant may provide the Debtors and Debtors' counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant relief from the automatic stay without further notice and hearing and waiving Fed. R. Bankr. P. 3002.1 and waiving Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

(i)   The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____
Brad J. Sadek, Esquire
Attorney for Debtors
Date:

/s/ Polly A. Langdon
Scott F. Waterman, Esquire
Trustee
Date: 11/13/2020

/s/Jill Manuel-Coughlin
Jill Manuel-Coughlin
Attorney for Movant
Date:

On this_____ day of _____, 2020, approved by the Court.

**Date: November 16, 2020**

_____
United State Bankruptcy Judge
Ashely M. Chan